SIURU, RESPONDENT, v. SELL, EXECUTRIX, ET AL., APPELLANTS.

(No. 7,921.)

(Submitted May 23, 1939. Decided June 9, 1939.)

[91 Pac. (2d) 411.]

*Mr. Claude A. Johnson,* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Appellants, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. John G. Skinner*, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an injunction proceeding to prevent the sale of certain real property. A general demurrer to the complaint was overruled, and defendants, appellants here, failing to answer, judgment was rendered against them enjoining the sale of the property. This appeal is from the judgment.

In 1920 respondent and wife executed a mortgage on the premises here involved to secure payment of their promissory note. It was recorded in September of that year. In April, 1936, defendant Sarah Sell, one of the appellants here, as executrix of the mortgagee's will, commenced an action to collect the balance due on the note and to foreclose the mortgage. In that action it was determined that the lien of the mortgage was barred by section 8267, Revised Codes, as amended by Chapter 104, Session Laws of 1933. The debt was still alive and consequently, on December 14, 1937, a money judgment was entered in favor of the executrix for the amount unpaid on the promissory note and costs. On April 23, 1937, prior to entry of the money judgment in the foreclosure proceeding, respondent executed, acknowledged and filed for record a declaration of homestead, claiming the premises originally mortgaged as a homestead. After this filing, an execution was issued upon the 1937 judgment and a levy was made upon the premises. Respondent prevailed in the district court on the ground that the premises were exempt from execution sale by reason of his homestead declaration.

The court's action in overruling the demurrer furnishes the ground for the one specification of error assigned. The question to be determined, therefore, is whether the complaint states a cause of action.

The material allegations set forth that the adjudication of December 14, 1937, had finally determined the fact that the mortgage lien on the premises was barred by section 8267, Revised Codes, and that thereafter, and prior to the entry and docketing of the final judgment of December 14, 1937, respondent's declaration of homestead had been duly filed for record; that the judgment did not constitute a lien on the premises because of their newly acquired homestead status intervening and which made them exempt from execution.

These allegations tender the question for decision: Did the filing of a declaration of homestead after the cause of action to foreclose the mortgage was barred have the effect of exempting such property originally mortgaged from execution? This question involves a construction of section 6949, Revised Codes, which provides: "The homestead is subject to execution or forced sale in satisfaction of judgments obtained: * * * 4. On debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record."

Appellants set forth the following argument in their brief: "It appears from the complaint that the judgment on which the execution issued was obtained on a debt secured by a mortgage on the premises, executed and recorded before the declaration of homestead was filed for record. According to the plain language of the statute the property is not exempt. A mortgage of property which the mortgagor might claim as a homestead operates as a waiver of the right to claim the same as a homestead. A person by mortgaging property which he might claim as a homestead contracts with the mortgagee that the property shall be subject to execution issued on any judgment which may be obtained on the debt secured by the mortgage. It is the payment of the debt which the parties have in mind when there is a waiver of the right to claim a homestead

by mortgaging property. The debt is the principal thing and the mortgage but an incident."

We have carefully examined the authorities cited in behalf of the above argument, but are convinced that they are not in point in controlling effect. The cases cited either involve foreclosure suits of live mortgages, mortgages on homesteads which were homesteads at the time the mortgage was given, purchase money mortgages, or statutes different from our own. Our own independent search has likewise failed to disclose any judicial precedent supporting appellants' contention. From this apparent lack of direct authority on the subject, the conclusion is impelling, as insisted upon by counsel for respondent, that section 6949, subdivision (4), contemplates a *live mortgage* at the time of execution or forced sale, and not one the lien of which has been barred by a special statute of limitations prior to declaration of homestead before final judgment. In fact, the language is so plain and unambiguous in that respect, that resort to case authority should hardly be necessary; it construes itself. Given the interpretation urged by counsel for respondent, the legislative will, as commanded by section 4, Article XIX, of the state Constitution to enact liberal homestead and exemption laws, can be reasonably carried out, and the spirit of homestead exemption laws perpetuated. (See 13 R. C. L., sec. 5, p. 543.)

The mortgage did meet the requirements of the last half of subdivision (4) of section 6949, in that it was "executed and recorded before the declaration of homestead was filed for record." But the section states that the homestead is subject to execution or forced sale in satisfaction of judgment obtained "On debts *secured* by mortgages on the premises," etc.

The debt was the obligation on the promissory note, but that debt is not *secured* by a mortgage on the premises, because the mortgage as a security has lost its validity by lapse of time. When the mortgage ceased to be a lien, it ceased to be a mortgage. (*Morrison* v. *Farmers & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123; *Berkin* v. *Healy,* 52 Mont. 398, 158 Pac. 1020.) It became a thing not in existence and it is, therefore, specious reasoning to say, even for the purpose of section 6949,

subdivision (4), that the debt is secured by a mortgage. It could not possibly be secured by that which is not.

To reach the result contended for by appellants, subdivision ▇ (4) would have to read: ''On debts [originally] secured by mortgages,'' etc. We have neither the power nor the right to read the word ''originally'' or language of similar import into the statute. Our office ''is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted.'' (Secs. 10519 and 10520, Rev. Codes; see, also, *In re Wilson's Estate*, 102 Mont. 178, 193, 56 Pac. (2d) 733, 105 A. L. R. 367.)

The requirement of the section is not met by the mere fact that the debt was secured at the date of execution and sale by a live mortgage, as the requirement of the statute is twofold. It would also have to appear that the mortgage had been ''executed and recorded before the declaration of homestead was filed for record.'' In other words, the legislature in enacting section 6949, subdivision (4), in the language it did, made possible an open race for the recorder's office between mortgage and homestead claimants. (See *Ontario State Bank* v. *Gerry*, 91 Cal. 94, 27 Pac. 531.)

With regard to appellants' contention that respondent ▇ waived the right to assert a homestead exemption on the premises mortgaged, it seems obvious that in the absence of any showing of express waiver on the subject, the only contract of waiver entered into by the mortgagors was an implied one that they would not in any way encumber or alienate the property to the detriment of the mortgagee during the life of the mortgage lien thereon. However, when the lien of the mortgage was lost through lapse of time and failure to foreclose, the property specifically hypothecated for the payment of the note was freed from the lien of the mortgage contract, and the mortgagee relegated to the usual remedies that were available to any other unsecured creditor. When the money judgment was docketed against respondent for the unpaid balance on the note, it became a lien upon all the real property of the judgment debtor not

exempt from execution in the county owned by him at the time. (Sec. 9410, Rev. Codes.)

The California court under a statute (Civ. Code Cal., sec. 1241) identical with section 6949, subdivision (4), and from which our statute was taken, in discussing the effect of a declaration of homestead subsequent to giving a mortgage on the premises, said in *Corey* v. *Matot*, 47 Cal. App. 184, 190 Pac. 378, 380: "The ground of distinction between a mortgage executed by both husband and wife upon an existing homestead and one where the homestead is declared subject to a previously executed mortgage would seem to be that in the instance of a pre-existing homestead the mortgage is an express incumbrance of the homestead interest, evidenced as required under the homestead laws. The homestead is thereby dedicated to the payment of the debt, and is subject to the continued existence of the debt as to either of the parties to the mortgage; while in the case of a mortgage made prior to the homestead declaration *only the title as it then stands is pledged. The subsequent declaration of homestead creates a new and distinct species of title in the property.* This newly created interest is under the statute subject to the existing mortgage, but only within the application of the strict terms of the mortgage liability. It cannot be extended or prolonged by implication or by the acts of one alone of the makers, but only in the manner provided by the statute for incumbrancing or alienating a homestead. The effect of grafting the new homestead right upon the title is similar to the effect of a conveyance of the mortgaged premises to one not bound by the contract of the note and mortgage." (See, also, *Barber* v. *Babel,* 36 Cal. 11.)

The instant case furnishes even stronger grounds for holding the homestead property exempt from execution sale because here the declaration of homestead was made and filed for record after the lien of the mortgage had ceased to exist, and also, neither husband nor wife attempted at any time, alone or jointly, to extend or prolong the lien of the mortgage in the manner provided by statute for incumbrancing or alienating the homestead. (Sec. 6950, Rev. Codes.)

It is further argued by appellants that, if the enactment of ■ section 8267, Revised Codes, as amended, relating to the extension of the life of a mortgage, has the effect of permitting respondent to claim the homestead exemption on property previously mortgaged, such statute is unconstitutional, as it would impair the obligation of the contract of waiver which he made, in violation of the prohibition in section 10, Article I, United States Constitution, U. S. C. A. As indicated elsewhere in the opinion, we are not impressed with the contention relative to waiver. The mortgage is not before us and the record is silent as to the maturity date of the debt. It is, therefore, impossible to determine as of what date the eight-year period provided in section 8267 commenced to run. If it was running at the time 8267 was amended in 1933, there would still have been time, under the amendment, for the mortgagee to file a renewal affidavit and thereby have extended the period of limitation, unless that time was unreasonably short. Such being the case, he would not be in a position to question the constitutionality of the section, as his contractual rights would have been amply protected. On the other hand, if the eight years and sixty days had run, as between the parties, according to the decisions of this court, the cause of action would still be good. Under such a factual condition, section 8267 might conceivably be unconstitutional as to appellants, in the absence of a saving clause such as was contained in Chapter 27, Laws of 1913, when 8267 was originally enacted. Substantial rights might in such case be impaired or lost entirely, without any opportunity to save them.

Facts sufficient to overcome the presumption of constitutionality or enable us to make a determination of that question not being before us, we have no alternative other than to affirm the judgment of the district court in whose favor the presumption of correctness obtains in the absence of a record sufficient to place it in error.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.