MARGARET DUNPHY, Plaintiff and Respondent, v. THE
ANACONDA COMPANY, Defendant and Appellant.

No. 11404.
Submitted March 8, 1968. Decided March 25, 1968.
438 P.2d 660.

Eugene Tidball (argued), Krest Cyr, Butte, for appellant.

Roe, Kiely & Joyce, Thomas F. Joyce (argued), Butte, for
respondent.

MR. JUSTICE HASWELL, delivered the Opinion of the Court.

This is a Workmen's Compensation Act appeal by the employer from a judgment of the district court of Silver Bow County awarding $3,000 to the nonresident, nondependent, surviving mother of an employee killed in a mine accident.

The facts are undisputed. James Dunphy, the employee, was killed in an industrial accident on May 2, 1966, in the Leonard Mine of his employer, The Anaconda Company, in Butte. At the time of his death he was single and left surviving him only his mother, Margaret Dunphy, the claimant in the case. At the time of her son's death, claimant resided in County Kilkenny, Ireland, was a native of that country, and was not dependent on her son.

Claimant filed her claim with the Industrial Accident Board under the provisions of the Montana Workmen's Compensation Act. The Board's order awarded her $3,000, the employer appealed to the district court, and the district court entered judgment affirming the Board's order. The employer appealed the district court judgment to this court.

There is only one issue presented for review upon this appeal, viz: Where an employee killed in an industrial accident leaves no beneficiaries or major or minor dependents, is his nondependent surviving parent residing outside the United States at the time of his death entitled to payment of $3,000 under the Montana Workmen's Compensation Act?

The basic statute involved is section 92-704, R.C.M.1947, as amended, which governs payment of death claims due to industrial accidents. This statute first provides for payments to beneficiaries residing within the United States followed by a provision for lesser payments to beneficiaries residing outside the United States. Next the statute provides that if the decedent leaves no beneficiaries, then payments are to be made to major dependents residing in the United States and if there are none, then lesser payments to minor dependents residing

in the United States. The next paragraph of the statute states: "If the decedent leaves no major or minor dependents a lump sum in the amount of three thousand and no/100 dollars ($3,-000.00) shall be payable to his surviving parent or parents." In the instant case we are called upon to interpret the meaning of the quoted words and whether they authorize the award in the instant case.

At the outset it should be noted that the statute in question, excluding the quoted words added by legislative amendment in 1957 which we are called upon to construe here, provides (1) for payment of lesser amounts of compensation to nonresident "beneficiaries" than to resident "beneficiaries" and (2) where there is no "beneficiary", for payment of compensation to "major" or "minor dependents" residing in the United States without provision for any payment to "major" or "minor dependents" residing outside the United States. Speaking in general terms, "beneficiaries" under the Act are the surviving spouse and minor children, "major dependents" are surviving parents, and "minor dependents" are brothers and sisters under 18 years of age.

The substance of the employer's argument in the instant case is that the fundamental consideration in construing the quoted words of the statute in question is the determination of legislative intent; that in determining legislative intent, this court must look not only to the literal meaning of the words used, but also must read such words in context with the Act as a whole, *in pari materia* with other provisions in the Act, and in light of the legislative history of the statute itself and the Act as a whole; that when so read and considered, a consistent legislative intent to discriminate against nonresidents is apparent; that this legislative intent is paramount and requires this court to imply these words at the end of the quoted portion of statute relating to payment of $3,000 to surviving parents, "if residing within the United States at the time of the injury;" that otherwise an absurd

result would follow in direct conflict with legislative intent, viz., that the Legislature intended to grant benefits to nondependent, nonresident parents and to deny benefits to dependent, nonresident parents. The employer then goes on to contend that therefore the Legislature must have intended to deny benefits to nondependent, nonresident parents, the statute should be so construed, and benefits denied to claimant in this case.

Claimant, on the other hand, while agreeing that legislative intent is the controlling consideration in construing the statute in question, contends that where the statute is clear and unambiguous on its face, as is the case here, the court cannot add words that have been omitted, at least where there is no compelling reason for doing so, as in the instant case. Claimant proceeds to argue that the statute does not produce an absurd result because a dependent, nonresident parent is entitled to receive $3,000 as well as a nondependent, nonresident parent; that if the statute unjustly penalizes a nonresident parent, that question is not involved in determination of this case, and in any event is a matter for the Legislature and not for the courts. Claimant goes on to suggest that the reason the Legislature excluded dependent, nonresident parents may well have been because of practical problems involved in determining dependency of persons residing in foreign countries. Claimant finally argues that in cases where doubt exists between two possible interpretations of the Workmen's Compensation Act, one of which would deny the compensation under the Act and the other grant compensation, the required liberal construction of the Act compels that interpretation which grants payment of benefits.

With this background and these contentions, we proceed to construction of the statute in question, section 92-704, R.C.M.1947, as amended to the date of the injury and death of the employee. In construing a statute, the intention of the Legislature is controlling. (Section 93-401-16, R.C.M.

1947; State ex rel. Williams v. Kemp, 106 Mont. 444, 78 P.2d
585; Purcell v. Davis, 100 Mont. 480, 50 P.2d 255; State ex rel.
Snidow v. State Board of Equalization, 93 Mont. 19, 17 P.2d
68; McNair v. School District, 87 Mont. 423, 288 P. 188, 69
A.L.R. 866.) Although various rules of statutory construction
have been developed and employed in diverse cases that have
come before this court in the past, we consider the following
to be applicable to the instant case in determining legislative
intent. The intention of the Legislature must first be deter-
mined from the plain meaning of the words used, and if inter-
pretation of the statute can be so determined, the courts may
not go further and apply any other means of interpretation.
(State ex rel. Board of Commissioners of Valley County v.
Bruce, 106 Mont. 322, 77 P.2d 403, certiorari granted by United
States Supreme Court, 305 U.S. 581, 59 S.Ct. 70, 83 L.Ed. 366,
affirmed 305 U.S. 577, 59 S.Ct. 465, 83 L.Ed. 363; Jensen v.
Safeway Stores (D.C. Mont.), 24 F.Supp. 585; Doull v. Wohl-
schlager, 141 Mont. 354, 377 P.2d 758, 759; Green v. City of
Roundup, 117 Mont. 249, 157 P.2d 1010; Mills v. State Board
of Equalization, 97 Mont. 13, 33 P.2d 563.) Where the language
of a statute is plain, unambiguous, direct and certain, the
statute speaks for itself and there is nothing left for the court
to construe. (Doull v. Wohlschlager, supra; Montana Chapter,
National Electrical Contractors Ass'n v. State Board of Edu-
cation, 137 Mont. 382, 352 P.2d 258; Vaughn & Ragsdale Co.
v. State Board of Equalization, 109 Mont. 52, 96 P.2d 420.)
The function of the court is simply to ascertain and declare
what in terms or in substance is contained in the statute and
not to insert what has been omitted. (Section 93-401-15,
R.C.M.1947; Foreman v. Beaverhead County, 117 Mont. 557,
161 P.2d 524; Siuru v. Sell, 108 Mont. 438, 91 P.2d 411, 123
A.L.R. 423.) In short, it is simply the duty of the Supreme
Court to construe the law as it finds it. (State ex rel. Burns
v. Lacklen, 129 Mont. 243, 284 P.2d 998; Montana Beer Re-
tailers Protective Association v. State Board of Equalization,

95 Mont. 30, 25 P.2d 128; Great Northern Utilities Co. v. Public Service Commission, 88 Mont. 180, 293 P. 294.)

Applying the above principles to the statute involved in the instant case, we hold that the words of the statute are plain, unambiguous, direct and certain; that they admit of only one meaning; that there is nothing left for us to construe; and that the duty of the Supreme Court herein is simply to declare what in terms is contained in the statute, and not to insert a limitation not contained therein. Accordingly, we hold that section 92-704, means exactly what it says, viz., that the sole surviving parent of a workman killed in an industrial accident who is covered by the Montana Workmen's Compensation Act and who leaves no beneficiaries or major or minor dependents within the meaning of the Act is entitled to payment of $3,000 without limitation as to residence. Where the language of the statute is clear, no purpose is served by going beyond such plain language, and answering the other contentions raised by defendant.

The judgment of the district court awarding claimant $3,000 is correct and it is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, concur.