No. 13385

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

TONY SOFTICH, ADMINISTRATOR LABOR
STANDARDS DIVISION OF THE DEPARTMENT
OF LABOR AND INDUSTRY,

               Plaintiff and Appellant,

-vs-

GERALD & BERNICE BAKER, d/b/a
JERRY'S VILLAGE INN,

               Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
            Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Mayo Ashley argued, Helena, Montana

    For Respondent:

        Mahan and Strope, Helena, Montana
        Philip W. Strope argued, Helena, Montana

---

               Submitted: October 27, 1976

               Decided: NOV 24 1976

Filed: NOV 24 1976

Thomas J. Kearney
               Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this case is whether the Administrator of the Labor Standards Division of the Department of Labor and Industry of the state of Montana can sue in his own name to enforce the bonding requirements of Montana's Restaurant, Bar and Tavern Wage Protection Act. The district court held he could not. We affirm.

On February 9, 1976 a complaint was filed in the district court, Missoula County, to enjoin defendant from engaging in the restaurant and bar business at Bud Lake Village in Missoula County until defendant posted a bond to guarantee payment of employee wages, pursuant to section 41-2005, R.C.M. 1947. The named plaintiff was "Tony Softich, Administrator Labor Standards Division Department of Labor and Industry". Softich signed the complaint.

Subsequently, the district court dismissed the action "for the reason that plaintiff is not a party authorized to bring the action in his own name". Plaintiff appeals.

The controlling statute is section 41-2008, R.C.M. 1947, which provides:

> "41-2008. Lessee's business enjoined until bond filed. If any person engages in the restaurant, bar or tavern business, as lessee, without having first filed a bond as required by section 5 [41-2005] of this act, the attorney general of the state of Montana, the commissioner of labor and industry of the state of Montana, or any citizen, group of citizens or any association in the county where the violator conducts his business may institute an action to enjoin such person from engaging in the business until compliance with this act has been met."

In determining the meaning of a statute, the intent of the legislature is controlling. Section 93-401-16, R.C.M. 1947.

Such intent shall first be determined from the plain meaning of the words used, if possible, and if the intent can be so determined, the courts may not go further and apply any other means of interpretation. Keller v. Smith, _____Mont._____, 553 P.2d 1002, 33 St.Rep. 828; Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660, and cases cited therein.

The plain meaning of the words used in the statute grant the right to institute this action to (1) the attorney general, (2) the Commissioner of Labor and Industry, and (3) any citizen, group, or association in the county where the violator conducts his business. The administrator of the Labor Standards Division of the Department of Labor and Industry is none of these. In construing a statute, courts cannot insert what has been omitted. Section 93-401-15, R.C.M. 1947.

We have examined the other arguments and authorities cited by plaintiff and find that none would change the result here.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting for Justice Wesley
Castles.

- 3 -