No.13501

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

EARL R. MYERS,

              Claimant and Respondent,

    -vs-

4 B'S RESTAURANT, INC., Employer, and
GLACIER GENERAL ASSURANCE COMPANY,

              Defendant and Appellant.

---

Appeal from:  Workers' Compensation Court
              Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Berg, Angel, Andriolo and Morgan, Bozeman, Montana
        Richard J. Andriolo argued, Bozeman, Montana

    For Respondent:

        Bennett and Bennett, Bozeman, Montana
        Lyman H. Bennett, Jr. argued and Lyman H. Bennett, III
        argued, Bozeman, Montana

---

                          Submitted:  March 2, 1977

                          Decided:  MAR 18 1977

Filed: MAR 18 1977

_Thomas J. Kearney_
                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Employer's Plan II insurer appeals from a Workers' Compensation Court award to claimant of permanent total disability benefits, costs and attorney's fees.

During the pendency of this appeal, claimant died on December 14, 1976, ~~from causes other than his injury.~~ It is conceded that appellant insurer paid claimant all benefits to which he was entitled up to the time of his death. As compensation benefits terminated upon claimant's death (section 92-608, R.C.M. 1947), appellant's first three issues on appeal relating to the duration and maximum amount of compensation payable are no longer relevant.

The only remaining issue is whether the award of attorney's fees is permissible in this case.

The controlling statute at the time of claimant's accident, section 92-616, R.C.M. 1947, provided:

> "Costs and attorneys' fees payable on denial of claim later found compensable. In the event the insurer denies the claim for compensation or terminates compensation benefits, and the claim is later adjudged compensable, by the division or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the division. However, under rules adopted by the division and in the discretion of the division, an insurer may suspend compensation payments for not more than thirty (30) days pending the receipt of medical information."

Insurer argues that attorney's fees are not allowable because they never denied compensability of the claim but only contended that claimant was entitled to permanent partial disability benefits rather than permanent total disability benefits. Additionally the insurer contends that claimant is not entitled to attorney's fees because of his neglect to furnish medical information on request.

Claimant, on the other hand, states that the compensability of the claim was at issue because of insurer's refusal

- 2 -

to pay permanent total disability benefits which were subsequently adjudicated payable by the Workers' Compensation Court. Claimant further contends that he did not refuse or neglect to provide medical information available to him or his attorney and that under such circumstances the furnishing of medical information is not a condition precedent to an award of attorney's fees.

In our view, the record supports a denial by insurer to pay the claim for compensation within the meaning of section 92-616, R.C.M. 1947. Insurer denied the claim for total disability benefits of claimant. The Workers' Compensation Court subsequently adjudicated such benefits payable. As the purpose of the statute is to grant claimant a net recovery of compensation benefits to which he is entitled under the Act, a partial denial of benefits later adjudged payable is within the purview of section 92-616 authorizing an award of attorney's fees. If the statute were otherwise construed to apply only to total denial of compensation benefits, its purpose and objective of affording a net recovery would be defeated.

Nor does the statute require medical information not then possessed by claimant to be furnished insurer as a condition precedent to recovery of attorney's fees. The statute is completely silent concerning any such requirement. In construing a statute, the duty of the Court is simply to ascertain and declare what in terms or in substance is contained therein and not to insert what has been omitted. Section 93-401-15, R.C.M. 1947; Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660, and cases cited therein. If insurer requires further medical documentation before honoring claimant's claim for compensation, the burden and expense thereof is its obligation if it seeks to avoid the risk of payment of attorney's fees should the claim later be adjudged compensable. We do not excuse claimant from

furnishing insurer on request such medical information as he possesses or making himself available for medical examination at the insurer's request, but such are not the facts of this case.

The record here contains substantial evidence supporting the adjudication of the Workers' Compensation Court. We affirm its findings of fact, conclusions of law and order denying rehearing. See Skrukrud v. Gallatin Laundry Co., Inc., ____Mont. ____, 557 P.2d 278, 33 St.Rep. 1191. We remand to the Workers' Compensation Court for determination of reasonable costs and attorney's fees on appeal "as established by the division and ~~in the discretion of the division~~". Section 92-616, R.C.M. 1947.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13501

EARL R. MYERS,

        Claimant and Respondent,

    vs.

4 B'S RESTAURANT, INC., Employer, and
GLACIER GENERAL ASSURANCE COMPANY,

        Defendant and Appellant.

ORDER

    Please make the following change on page 4 of the above entitled opinion.

    In line 12 from the top of the page, please delete the following: "and in the discretion of the division"

    DATED this 22nd day of March, 1977.

_____
Chief Justice

FILED

MAR 2 2 1977

Thomas J. Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13501

EARL R. MYERS,

                  Claimant and Respondent,

      vs.

4 B's RESTAURANT, INC.,

                  Employer,

      and

GLACIER GENERAL ASSURANCE
COMPANY,

                  Defendant and Appellant.

**FILED**

APR- 5 1977

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

The petition for rehearing, the objections thereto and the cross-petition for rehearing having been submitted to the Court for decision,

IT IS ORDERED:

(1) That the opinion of the Court be modified by placing a period after the date "December 14, 1976" and striking the words following "from causes other than his injury", all on line 5, page 2 of the original opinion.

(2) That as so modified, the original opinion is approved and the petition for rehearing, objections thereto, and the cross-petition for reharing are denied.

DATED this 5th day of April, 1977.

_____
                Chief Justice

_____

_____

_____

_____
                    Justices