MR. CHIEF JUSTICE HASWELL,
dissenting:
I would affirm the judgment of the District Court.
The surety bond here was issued in conformity with the requirements of the Real Estate Licensing Act of 1963, specifically section 66-1933, R.C.M.1947, as amended. This statute and the bond issued thereunder limit the surety’s liability, among other things, to losses resulting from violation of the Act by the salesman. The Act specifically exempts sales of his own property by a real estate salesman:
“66-1926. EXEMPTED CLASSES. A single act performed, for a commission or compensation of any kind, in the * * * selling * * * of real estate * * *, except as hereinafter specified, shall constitute the person performing any such acts a real estate broker or real estate salesman. The provisions of this act, however, shall not:
“(1) apply to any person who, as owner, * * * shall perform any of the aforesaid acts with reference to property owned * * * by himself * * (Emphasis supplied.)
In my view the language of both the statute and the surety bond is clear and unambiguous. Under such circumstances, there is nothing for this Court to construe. Dunphy v. Anaconda Company (1968), 151 Mont. 76, 438 P.2d 660 and cases cited therein. The function of this Court is simply to ascertain what in terms or in substance is contained in the statute and bond and not to insert what has been omitted nor to omit what has been inserted. Section 93-401-15, R.C.M.1947.
In short, it is simply the duty of the Supreme Court to accept the statute and bond as written. Policy considerations should not be permitted to control plain language.