MR. CHIEF JUSTICE HASWELL
concurring in part and dissenting in part.
I concur with the majority in granting a new trial on the ground that the admission in evidence of Yvonne Saunders’ reputation for shoplifting denied defendant a fair trial.
My quarrel is with the majority holding that the 30-minute detention provision in the Merchant’s Detention Statute (section 46-6-503, MCA) is unconstitutional on its face.
The majority have seemingly construed the Merchant’s Detention Statute to authorize a merchant to hold a suspected shoplifter for up to 30 minutes in any event. In my view this is a tortured construction of the statute at odds with the plain meaning of the language enacted by the legislature.
Montana law authorizes a merchant to arrest a suspected shoplifter in cases where the merchant “has probable cause to believe the other is shoplifting in the merchant’s store.” Section 46-6-502(3), MCA. The Merchant’s Detention Statute provides that where the merchant is acting under such authority he “may stop and temporarily detain the suspected shoplifter.” Section 46-6-503(1), MCA. In such event, the merchant shall promptly inform the person that the stop is for investigation of shoplifting and that upon completion of the investigation the person will be released or turned over to the custody of a peace officer; the mer *396 chant may demand the person’s name and address and may question the person in a reasonable manner to ascertain whether he is guilty of shoplifting; the merchant may take into possession any merchandise for which the purchase price has not been paid; and he may place the suspected shoplifter under arrest or request him to remain on the premises until a peace officer arrives. Section 46-6-503(1) (a through d), MCA. The statute further provides that any stop, detention, questioning or recovery of merchandise must be done in a reasonable manner and time; that unless concealment is obvious, the merchant is not authorized to search the suspected shoplifter’s- clothing or personal effects; and that after the purpose of the stop has been accomplished or 30 minutes have elapsed whichever occurs first, the merchant shall allow the person to go unless he is arrested and turned over to the custody of a police officer. Section 46-6-503(2), MCA. The statute finally provides that such stop and temporary detention is not an unlawful arrest or search if the merchant complies with the law and that the merchant is not liable in damages unless he acted with malice or in violation of the law. Section 46-6-503(3), MCA.
The merchant in this case complied with the statute. No contention has been raised that he did not.
The majority seemingly construe this statute as permitting a merchant to detain a suspected shoplifter for up to 30 minutes in any event. In my view the plain language of the statute belies this construction.
The Merchant’s Detention Statute provides in pertinent part:
“(2) Any stop, detention, questioning, or recovery of merchandise under 46-6-502(3) and this section shall be done in a reasonable manner and time. . . .
After the purpose of the stop has been accomplished or 30 minutes have elapsed, whichever occurs first, The merchant shall allow the person to go unless the person is arrested and turned over to the custody of a police officer.” Section 46-6-503(2), MCA. (Emphasis added.)
*397 In my view, this language plainly says that any stop, detention, questioning or recovery of merchandise shall be done in a reasonable manner and within a reasonable time until its purpose shall have been accomplished subject to an absolute time limit of 30 minutes in any event. Where the language of a statute is plain, unambiguous, direct and certain the statute speaks for itself and there is nothing left for the court to construe. Dunphy v. Anaconda Company (1968), 151 Mont. 76, 438 P.2d 660 and cases cited therein. The function of the Court is simply to ascertain and declare what in terms or in substance is contained in the statute. Section 1-2-101, MCA. Such is the case here.
The 30-minute provision in the Merchant’s Detention Statute so determined does not violate either the right of privacy provision in the Montana Constitution nor the prohibition against unreasonable searches and seizures therein.
The constitutional right of privacy is contained in this language:
“The right of individual privacy is essential to the well-being of a free society and shall not be infringed without a showing of a compelling state interest.” Art. II, Sec. 10, 1972 Montana Constitution.
Equally important is the inalienable right of all persons to acquire, possess and protect their property. Art. II, Sec. 3, 1972 Montana Constitution. Shoplifting poses a substantial threat to these rights. In 1975 there were an estimated 140 million shoplifting incidents nationwide resulting in 1.9 billion in business losses to retailers. U.S. Department of Justice, Security and the Small Business Retailer, p. 11. These losses are passed on to the purchasing public in the form of higher prices. Public law enforcement officers are not generally, if ever, engaged in walking the floors of retail stores where shoplifters operate. In an effort to secure the right of a merchant to protect his property, merchant’s detention statutes had been enacted in 44 states by 1977. Citizen’s Arrest, Mr. Cherif Bassiouni, 1st Ed., p. 81.
As noted in the majority opinion, the crucial question is whether there is a compelling state interest which would justify the infringement of the right to privacy provision in Montana’s Constitution. *398 The preceding paragraph provides that compelling state interest. Montana case law further provides that protection of a person’s property furnishes a compelling state interest to which the right of individual privacy must yield. State ex rel. Zander v. District Court (1979), 181 Mont. 454, 591 P.2d 656. We have previously expressed the controlling principles in this fashion:
“The right of individual privacy is a fundamental constitutional right expressly recognized as essential to the well-being of our society. The constitutional guarantee of individual privacy is not absolute. It must be interpreted, construed and applied in the light of other constitutional guarantees and not in isolation. The right of individual privacy must yield to a compelling state interest. Such compelling state interest exists where the state enforces its criminal laws for the benefit and protection of other fundamental rights of its citizens.” Zander, 591 P.2d 656.
Montana’s constitutional prohibition against unreasonable searches and seizures reads in pertinent part as follows:
“The people shall be secure in their persons, papers, homes, and effects from unreasonable searches and seizures . .”
The Merchant’s Detention Statute expressly and specifically provides that any stop, detention, questioning or recovery of merchandise must be done “in a reasonable manner and time” and that “after the purpose of the stop has been accomplished or 30 minutes have elapsed, whichever occurs first” the suspected shoplifter must be released or arrested and turned over to a police officer. Section 46-6-503(2), MCA. Before any arrest is made by the merchant, he must have “probable cause to believe the other is shoplifting in his store.” Section 46-6-502(3), MCA.
With these safeguards and limitations, I find nothing unreasonable in the maximum 30-minute detention provision in the Merchant’s Detention Statute or in the limited protection it affords a merchant in protecting his own property. The constitutional prohibition applies only to unreasonable searches and seizures. The absolute 30-minute limit on detention in any event prevents detention for an unreasonable length of time. The further provision that *399 the detention must be reasonable as to time and manner and the person must be released or arrested when the purpose of the stop has been accomplished without reference to the 30-minute maximum prevents any overreaching or unjustifiable intrusion by a merchant. Only by construing the statute to authorize a merchant to detain a suspected shoplifter for up to 30 minutes in all cases as the majority have apparently done, is there any violation of the Montana Constitutional prohibition against unreasonable search and seizures.
I would hold the Merchant’s Detention Statute constitutional in its entirety.
MR. JUSTICE HARRISON concurring.
I concur with CHIEF JUSTICE FRANK I. HASWELL.