MR. CHIEF JUSTICE HASWELL
dissenting:
I respectfully dissent. The result reached by the majority may be an equitable accommodation, but in my view it is not the law.
At the time the six-year lease of the equipment was entered into between Leaseamerica and the State of Montana, our statute provided:
“Contracts limited to three (3) years. No contracts shall be made for a period longer than three (3) years, and such contract shall provide for the delivery of such articles at such times and in such quantities as the purchasing agent may determine.” Laws of Montana (1971), Ch. 301, § 2.
A lease is a contract. Here it was made for a period of six years. Such a contract was prohibited by the clear, unambiguous language of the statute.
In construing a statute, the intention of the Legislature is controlling. Section 1-2-102, MCA; Haker v. Southwestern Railway Co. (1978), 167, Mont. 364, 369, 578 P.2d 724, 727, and cases cited therein; Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 80, 438 P.2d 660, 662, and cases cited therein. The intention of the Legislature must first be determined from the plain meaning of the words used in the statute, and if the meaning of the statute can be so determined, courts may not go further and apply any other means of interpretation. Haker, supra, and cases cited therein; Dunphy, supra, and cases cited therein. Thus where the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. Dunphy, supra, and cases cited therein. In such case, the function *470 of this Court is simply to ascertain what in terms or in substance is contained in the statute and not to insert what has been omitted. Section 1-2-101, MCA; State ex rel. Zander v. District Court (1979), 181 Mont. 454, 591 P.2d 656, 662, 36 St.Rep. 489, 496; Dunphy, supra, and cases cited therein. In sum, it is simply the duty of the Court to construe the law as it finds it. Dunphy, supra, and cases cited therein.
Here the District Court created an ambiguity in the act by referring to its title and then proceeding to apply a variety of extrinsic rules of construction in determining that the contract was not void. This it cannot do. The title of a legislative act cannot be used to create an ambiguity in the text of the act so as to authorize recourse to extrinsic rules of construction. State ex rel. Palagi v. Regan (1942), 113 Mont. 343, 351-352, 126 P.2d 818, 824; State ex rel. Jones v. Erikson (1926), 75 Mont. 429, 453, 244 P. 287, 296.
The District Court’s recourse to extrinsic rules of construction is bottomed on its view that otherwise the scope of the statute would be “stupendous” and would outlaw all contracts in excess of three years throughout the state, which is not rational. This rationality approach is simply an extrinsic aid to construction available only where the statute is ambiguous. It cannot be used to defeat the plain and unambiguous language of the statute. Our function here is not to “improve” the statute by resort to extrinsic rules of statutory construction, but simply to declare what its language plainly states.
The majority appears to have taken the same course as the District Court. They, too, have gone beyond the plain meeting of the words in the statute. In attempting to ascertain the intention of the legislature, the majority points to the fact that the statute as it existed at the time the state lease was executed was silent with regard to leases. Yet the statute refers to “contracts,” and there is' no dispute that a lease is a contract. The statutory words clearly tell us that a lease is included in the statutory prohibition.
Next the majority notes that when the legislature gave the Attorney General the power to establish the LETS system by lease or *471 purchase of equipment, the legislature did not provide a time limitation for those contracts, nor did it explicitly make the time limitations of section 82-1918 applicable to the leases or purchases. In my view, it is clear why the legislature did not do this. Section 82-1918 provides a three-year limitation on state contracts; an additional statutory provision was unnecessary.
In resorting to these surmises about legislative intent, the majority is ignoring the rules of statutory construction as set out in Department of Revenue v. Puget Sound Power & Light Co., supra. There we said that the courts should first attempt to determine statutory meaning from the plain words of the statute. Following that inquiry, the court can resort to the legislative history. Dept. of Revenue, supra, 179 Mont. 255, 587 P.2d at 1287, 35 St.Rep. at 1373. In my view, there is no need to resort to legislative history. The statute is clear on its face.
I would declare the contract prohibited by the three-year limitation and remand the case to the District Court for reformation on a three-year basis.