No. 83-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

HENRY OLDENBURG,

Plaintiff and Appellant,

-vs-

COUNTY OF FLATHEAD, by and through
its Board of County Commissioners,

Defendant and Respondent,

and

CROP HAIL MANAGEMENT, INC.,

Intervenor and Defendant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable James M. Salansky, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sherwood & Englund, Missoula, Montana

For Respondent:

Ted O. Lympus, County Attorney, Kalispell, Montana
Hash, Jellison, O'Brien and Bartlett, Kalispell,
Montana

Submitted on Briefs: November 10, 1983

Decided: February 2, 1984

Filed: FEB 2 - 1984

Ethel M. Harrison

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant appeals from the ruling of the Eleventh Judicial District Court, Flathead County, dismissing his action and quashing a writ of certiorari challenging the Flathead County Commissioners' authority to make an extension of approval of a preliminary plat sixty days after the original approval period expired. He claims this violated subdivision law as provided in Section 76-3-610, MCA. We affirm the District Court.

On October 27, 1981, the Board of County Commissioners of Flathead County gave a preliminary one year plat approval to the Eagle Bend Subdivision. Oldenburg cast the opposing vote on the three member commission. On December 27, 1982, the developer of Eagle Bend, Crop Hail Management, requested an extension to the preliminary approval as provided in Section 76-3-610, MCA. On January 14, 1983, the Commissioners granted the extension of preliminary approval until October 27, 1983.

On January 24, 1983, Oldenburg filed a complaint and an application for a writ of certiorari, alleging the Commission lacked the authority to grant the extension. On April 6, 1983, the court dismissed the action and quashed the writ of certiorari. It found Section 76-3-610, MCA ambiguous and reasoned Oldenburg's interpretation of the statute would lead to inequitable, unjust and unlawful results.

Appellant raises two issues on appeal.

(1) Did the court err in applying a standard of statutory construction which emphasizes the impact of a

regulatory statute upon the regulated entity?

(2) Does Section 76-3-610, MCA preclude the County Commissioners from granting an extension to the preliminary plat approval after the time period has run for the original preliminary plat approval?

We will address these issues in reverse order.

Appellant argues that this statute should be interpreted to mean that if the preliminary approval period expires, then the governing body loses jurisdiction to extend that approval. He contends the language "shall be in full force for one year," limits the commission's authority to grant an extension to only that period. The language, "at the end of" means by or before the period in question and not after that time. We disagree.

The general rule for statutory interpretation is that the legislative intent controls, Section 1-2-102, MCA. "The intention of the legislature, must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts, may not go further and apply any other means of interpretation." State v. Hubbard (Mont. 1982), 649 P.2d 1331, 1333, 39 St.Rep. 1608, 1611; Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660.

We find Section 76-3-610, MCA, clear and unambiguous. "Where, as here the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe." State v. Hubbard, supra, State v. Roberts (Mont. 1980), 633 P.2d 1214, 38 St.Rep. 1551. Section 76-3-610(1), MCA (1981), reads as follows:

-3-

> "Upon approving or conditionally approving a preliminary plat, the governing body shall provide the subdivider with a dated and signed statement of approval. This approval shall be in force for not more than 1 calendar year. <u>At the end</u> of this period the governing body may, at the request of the subdivider, extend its approval for no more than 1 calendar year, . . ." (Emphasis added)

The phrase in question "at the end of" lacks ambiguity. "At," being the key word, is defined in Black's Law Dictionary, Fifth Ed. (1979), as follows: ". . . as used to fix a time, it does not necessarily mean eo instante or the identical time named, or even a fixed definite moment. Often expresses simply nearness and proximity, and consequently may denote a <u>reasonable time</u>." (Emphasis added) We hold that the statute permits county commissioners to grant an extension to the preliminary approval within a reasonable time of the expiration of that period.

Appellant offers some cases to support his conclusion that the extension can be made only on or before the expiration date. These cases however, all involved contract disputes and not statutory interpretations.

We decline to discuss the other issue because the second issue is dispositive. We therefore affirm the ruling of the District Court.

Justice

We concur:

Chief Justice

-4-

John L. Sheehy

Frank B. Morrison Jr.

L. C. Gulbrandson

Justices