MR. CHIEF JUSTICE HASWELL,
dissenting:
I dissent. I cannot subscribe to the philosophy that acts of the legislature will not be enforced at our option until the legislature speaks louder and clearer.
Only the “heirs or personal representatives” .of a decedent can maintain an action for wrongful death. Section 27-1-513, MCA. Such has been the law in Montana for over one hundred years.
The heirs of a decedent, by definition and common law, are those persons “appointed by law to succeed to the estate in case of intestacy,”, or, stated another way, those “who would receive [the] estate under statute of descent and distribution.” Black’s Law Dictionary, 4th Ed., p. 854, and cases cited therein. The only Montana statute defining heirs provides:
“ ‘Heirs’ means those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent.” Section 72-1-103(18), MCA.
By statute, the surviving wife succeeds to the entire estate of her deceased husband where, as here, all the children are issue of both. Section 72-2-202, MCA.
In construing the meaning of .statutes, the function of the court is simply to ascertain and declare what in terms or in substance is contained therein and not to insert what has been omitted. Section 1-2-101, MCA; Dunphy v. Anaconda Company (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein. In interpreting a statute, the court must first look to the plain meaning of the words used and, if its meaning can be thus determined, the court may not go farther and apply any other means of interpretation. Dunphy v. Anaconda Company, supra, Here, the statutory limitation of wrongful death actions to heirs and personal representatives and the statutory definition of heirs are plain, *528 unambiguous, and certain from the statutory language used by the legislature. We looked at the same statutory language recently and held that nonadopted minor stepchildren of a decedent were not “heirs” under our intestacy laws and accordingly could not maintain a wrongful death action for loss of consortium and support. Versland v. Caron Transport (Mont. 1983), [206 Mont. 313,] 671 P.2d 583, 40 St. Rep. 1681. Today, the majority have bastardized the same statutory language to achieve what they consider an equitable result.
Accordingly, I dissent.