No. 85-150

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DARBY SPAR, LTD.,

        Petitioner and Appellant,

  -vs-

DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

        Respondent and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Garlington, Lohn & Robinson, Missoula, Montana


      For Respondent:

          Paul Van Tricht, Dept. of Revenue, Helena, Montana

---

Submitted on Briefs:  June 28, 1985

Decided:  August 22, 1985


Filed:    AUG 22 1985

*Ethel M. Harrison*

---
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Darby Spar, the taxpayer, sought a determination from the Montana Department of Revenue of the application of the mine net proceeds tax, § 15-23-501 through § 15-23-523, to its operation. The Department of Revenue determined that Darby Spar was subject to the mine net proceeds tax for yields from dumps and tailings. Darby Spar appealed to the State Tax Appeals Board (STAB) which also determined the tax applied. Darby Spar then filed for judicial review in the District Court which affirmed the STAB decision.

Darby Spar now appeals to this Court. We affirm the order of the District Court.

The facts in this case are undisputed. The tax year in question is 1980. Darby Spar's predecessors removed ore from a mine and transported it to another site. Residue from the mining and processing of the ore, "tailings," were dumped on land in Ravalli County that Darby Spar purchased. Darby Spar sells fluorspar. Fluorspar is a mineral, calcium fluoride, contained in the tailings, and used in a number of commercial processes.

The issue is whether the net proceeds tax applies to fluorspar removed by Darby Spar from the tailings of a prior mining operation.

Section 15-6-101(2), MCA, states "For the purpose of taxation, the taxable property in the state shall be classified in accordance with 15-6-131 through 15-6-141." Darby Spar's argument is based on the absence of the phrase "dump or tailings" in § 15-6-131.

Section 15-6-131, MCA, states:

"(1)    Class one property includes the annual net proceeds of all mines and mining claims except coal and metal mines.

"(2)  Class one property is taxed at 100% of its annual net proceeds after deducting the expenses specified and allowed by 15-23-503."

Section 15-23-502, MCA, states:

"Every person engaged in mining, extracting, or producing from any quartz vein or lode, placer claim, dump or tailings, or other place or source whatever precious stones or gems, vermiculite, bentonite, or other valuable mineral, except coal and metals, must on or before March 31 each year make out a statement of the gross yield and value of the above-named metals or minerals from each mine owned or worked by such person during the year preceding January 1 of the year in which such statement is made . . ."

Section 15-6-131, MCA, unlike § 15-23-502, MCA, does not mention dumps or tailings.  The reason for this discrepancy in the statutes is found in a 1945 case, Foreman v. Beaverhead County (1945), 117 Mont. 557, 161 P.2d 524.  The issue in that case was whether the net proceeds from the treatment of tailings constituted net proceeds of a mine. This Court held that the tailings were personal property, not a mine, and the production of minerals from the tailings could not be considered the proceeds of a mine.  This conclusion was based on the wording of statutes that used the phrases "mining claims" or "mines" and did not use "tailings" or "dumps."  The Court stated "The legislature could have specifically extended the net proceeds tax to valuable minerals recovered from tailings dumps but has not done so. The Court must construe the statutes as it find them." Foreman, at 561, 161 P.2d at 525.

At the next session, 1947, the legislature overturned Foreman by amending the statute that is now codified as § 15-23-502 to include tailings and dumps by adding the underlined words:

- 3 -

"Every person, . . . engaged in mining, <u>extracting</u> <u>or</u> <u>producing</u> <u>from</u> any quartz vein or lode, placer claim, <u>dump</u> <u>or</u> <u>tailings</u>, <u>or</u> <u>other</u> <u>place</u> <u>or</u> <u>sources</u> <u>whatever</u>, <u>precious</u> <u>stones</u> <u>or</u> <u>gems</u> . . . or other valuable minerals, must . . ."

For almost 40 years this language has been relied on to impose the net proceeds tax on the yield from tailings and dumpings. Administrative rules were drafted to this effect and the legislature acquiesced in this construction of the statute.

Darby Spar argues that § 15-23-502, MCA, requires that a taxpayer report the yield from the dumps and tailings on a statement of yield but that the omission in § 15-6-131, MCA, precludes imposition of the net proceeds tax on the yield from disposed tailings. Although we are impressed by the ingenuity of the argument we do not agree.

In construing statutes this Court's role is to let the intent of the legislature control if possible. Baker Nat. Ins. Agency v. DOR (1977), 75 Mont. 9, 571 P.2d 1199. The legislative response to <u>Foreman</u> made it clear it was the legislature's intent to tax the net yield from dumps and tailings. Further evidence of the legislative intent to tax the yield from dumps and tailings is its acquiescence for 40 years to administrative rules adopted by the Department of Revenue to impose the tax. Forty years is adequate time for the legislature to become aware of how the legislation it drafted is being interpreted and enforced. The legislature's inaction is a strong indication that the intent of §§ 15-6-131 and 15-23-502 is to impose a net proceeds tax regarding yield from dumps and tailings.

Statutes should not be construed absurdly when reasonable construction can avoid it. McClanathan v. Smith (1980), 186 Mont. 56, 606 P.2d 507. Darby Spar is asking us

- 4 -

to construe §§ 15-23-502 and 15-6-131 to mean that the legislature intended taxpayers to report the minimal yield from tailings but did not intend to impose a tax on the yield. It would be an absurd, meaningless act to require the reporting of yields but to assess no tax against them.

In construing statutes this Court must give effect to all provisions of statutes if possible. Continental Oil Co. v. Board of Labor Appeals (1978), 178 Mont. 143, 582 P.2d 1236. The statutes must be read as a whole, not in isolation. When § 15-6-131, MCA, is read in conjunction with § 15-23-502, MCA, it is clear to any reasonable reader that the net proceeds tax applies to the yield from tailings and dumps.

Darby Spar's entire argument hinges on a 1945 reading of the phrases "mines" and "mining claims" in Foreman. In light of the legislative history after 1945 and the collection of the tax for 40 years, the narrow interpretation of the word "mines" in Foreman no longer applies. The District Court order is affirmed.

_____
                Justice

We Concur:

_____
Chief Justice

_____

_____

_____
　　　　Justices