JUSTICE GRAY
dissenting.
I respectfully dissent from the opinion of the majority. Briefly stated, the majority notes the existence of § 44-12-205(3), MCA, granting the district court broad discretionary authority, and then goes on to ignore it altogether. The majority does not attempt to construe the subsection either on a stand-alone basis, as part of the statute within which it is contained, or in relation to the other statutes comprising the Montana Forfeiture Act. This lack of analysis *184 results in giving § 44-12-205(3), MCA, no effect whatsoever. I cannot agree.
Facts in addition to those set forth in the majority opinion are important to an appropriate analysis of the case before us. A bench trial on the forfeiture petition was held on June 25,1990. Brian Soule was represented by counsel, but neither he nor his father appeared. At the outset of the proceeding, the State requested, and the court entered, a default of Peter Soule for failure to respond or appear; no default judgment was entered.
The proceeding continued, with Lieutenant Christie as the only witness. Christie first testified to the circumstances surrounding the arrest of Brian and Elizabeth Soule. He explained, on direct examination, that he had found a receipt in the vehicle indicating that Peter Soule was the holder of a security interest in the van. Christie then testified in some detail about a telephone conversation he had with Peter Soule; Peter Soule indicated during the conversation that he had co-signed a GMAC loan with Brian in order to help Brian purchase the van. Peter Soule later paid off the loan on the understanding that Brian would pay him back, which Brian never did. Peter Soule told Christie that he was aware of Brian’s drug problems and had attempted to help by paying for a drug treatment program for both Brian and Elizabeth, and by sending them to Brian’s grandmother in Montana after their release from that program in hopes of getting them away from drugs.
Briefs were submitted on July 9, 1990. The District Court subsequently entered its judgment releasing the van to Peter Soule and dismissing the petition for forfeiture with prejudice.
The issue is whether the District Court erred in finding Peter Soule an innocent person and dismissing the petition for forfeiture pursuant to § 44-12-205(3), MCA. The standard of review for discretionary trial court rulings is whether the trial comb abused its discretion. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604.
The procedural requirements for forfeiture proceedings of the type before us are set forth in §§ 44-12-201 et seq., MCA. Section 44-12-204, MCA, provides detailed provisions by which owners and claimants of security interests with verified answers on file can rebut the presumption of forfeiture which arises under § 44-12-203, MCA. Subsections (1) and (2) of § 44-12-205, MCA, provide for mandatory dispositions of property in the event certain findings are made by the court based on proof presented at the hearing by an owner or a holder *185 of a valid security interest in the property at issue. Section 44-12-205(3), MCA, on the other hand, allows the court to “take any action to protect the rights of innocent persons” in disposing of property otherwise subject to forfeiture.
This Court consistently follows the fundamental rule of statutory construction that:
“[T]he judicial function in construing and applying statutes is to effect the intention of the legislature. In determining legislative intent, the Court looks first to the plain meaning of the words used in the statute. If intent cannot be determined from the content of the statute, we examine the legislative history.”
State ex rel. Roberts v. Public Service Commission (1990), 242 Mont. 242, 246, 790 P.2d 489, 492.
The language of § 44-12-204, MCA and subsections (1) and (2) of § 44-12-205, MCA, are clear and plain and susceptible of only one interpretation on a stand-alone basis. Under these subsections, the court has no discretion in how it disposes of property subject to forfeiture. There is no doubt that Peter Soule did not make the requisite showing to protect this interest in the van under these sections.
The intended interplay between the sections discussed above and subsection (3) of § 44-12-205, MCA, as well as the intended meaning of “innocent persons” therein, however, cannot be ascertained from the words themselves. Therefore, it is necessary to focus specifically on both the language and the legislative history of § 44-12-205(3), MCA.
Section 44-12-205(3), MCA, provides that “[i]n making disposition of property under this chapter, the court may take any action to protect the rights of innocent persons.” (Emphasis added.) This wording clearly grants a trial court the broadest possible discretion in protecting the interests of innocent persons. It is also clear, from the absence of any limiting language, that such discretion can be exercised in favor of any innocent person. In addition, nothing in the sweeping grant of discretion suggests that an “innocent person” must have jumped through the procedural hoops otherwise provided for lienholders.
The majority adopts the State’s position that we must read into § 44-12-205(3), MCA, the requirements of § 44-12-204 and § 44-12-205 (1) and (2), MCA. Nothing contained therein suggests such a reading. “In the construction of a statute, the office of the judge is ... not to insert what has been omitted ....” Section 1-2-101, MCA.
*186 For the most part, the Montana Forfeiture Act is patterned after the federal act found at 21 U.S.C. § 881. Section 44-12-205(3), MCA, however, is unique to Montana and, as such, we must assume that the legislature included it for a particular reason. It is this Corut’s duty to ascertain that legislative intent and, insofar as possible, give it meaning in interpreting and construing the statutes involved. Palmer v. Montana Ins. Guar. Ass’n (1989), 239 Mont. 78, 779 P.2d 61. Thornock v. State (1987), 229 Mont. 67, 745 P.2d 324; Darby Spar, Ltd. v. Dept. of Revenue (1985), 217 Mont. 376, 705 P.2d 111.
The Montana legislature added § 44-12-205(3), MCA, to the Montana Forfeiture Act in 1987. The statute must have meaning as we presume the legislature does not pass meaningless laws. Mills v. Commissioner of Insurance (1987), 226 Mont. 387, 736 P.2d 102; Crist v. Segna (1981), 191 Mont. 210, 662 P.2d 1028. We also presume that this amendment changed the law in some way or the legislature would not have added it to the existing law. Cantwell v. Geiger (1987), 228 Mont. 330, 742 P.2d 468.
The 1987 bill amending the Montana Forfeiture Act originally was introduced to expand and broaden the Act and to enhance cooperation between federal and state agencies; as introduced, it did not contain what ultimately became § 44-12-205(3), MCA. Serious questions were raised by members of the Senate Judiciary Committee during the hearing on the bill relating to jointly owned property. The Committee was assured that the existing provisions of §§ 44-12-204 and -205, MCA, protected innocent owners and that the district courts would determine who was an innocent owner able to retain property under those sections. Minutes, Legislative Hearing S.B. 241, February 6, 1987, at 2. Notwithstanding those assurances, one legislator expressed concern about how innocent victims really would be protected; another stated that clearer language was needed dealing with innocent parties. Id.
Section 44-12-205(3), MCA, was added to S.B. 241 as a committee amendment to address the expressed concerns. The committee had before it, but did not adopt, alternative language granting the district courts discretion to “take any action ... not inconsistent with the provisions of this chapter.” (Emphasis added.)
Based on this legislative history, it is clear that the legislature consciously chose the term “persons,” rather than the narrower term “owners,” in enacting a provision significantly more protective than it considered the existing statutes. Furthermore, in doing so, it did not support alternative language limiting subsection (3)’s application *187 only to situations consistent with other provisions of the Act. The legislature specifically having rejected the “consistent with” approach as not sufficiently protective, the majority now adopts it.
Legislative concern for the rights of innocent persons continued even after enactment of § 44-12-205(3), MCA. When additional amendments to the Act were proposed in 1989, legislators received further assurances that the forfeiture statutes would not unnecessarily burden innocent persons. “[TJhis entire procedure is subject to the scrutiny and control of the District Courts of the State of Montana,” which constitute a “significant balancing factor.” Minutes, Legislative Hearing, S.B. 377, March 9, 1989, at 2. The majority simply ignores the legislative history and intent of § 44-12-205(3), MCA, dismissing it with a cavalier reference to the fact that “the legislature was sensitive to the rights of innocent persons.”
When the legislature uses a particular term, this Court’s duty is to construe it “according to the context and the approved usage of the language ....” Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 336, 682 P.2d 695, 701. Therefore, I would read “innocent persons” as a general term which includes, but is not limited to, “owners,” and find that, according to the language of § 44-12-205(3), MCA, a person is “innocent” when so determined by the district court on the particular facts before it.
In my opinion, this close review of the legislative history mandates a conclusion that, in enacting § 44-12-205(3), MCA, the legislature intended the broadest conceivable grant of discretion to the courts in protecting the rights of innocent persons with regard to property otherwise subject to forfeiture. I further conclude that the “under this chapter” language in that statute is sufficiently broad, and intended, to override the other detailed forfeiture statutes when necessary, in the court’s discretion, to protect innocent persons and prevent unjust results. To conclude otherwise ignores the legislature’s clear intent. Finally, absent any indication in the statute or the legislative history to the contrary, I conclude that the only reasonable interpretation of the legislature’s failure to include any burden of proof requirement for an innocent person, as it clearly included for lienholders filing a verified answer, is that no such specific burden was intended. The majority’s imposition of the requirements of other statutory provisions into § 44-12-205(3), MCA, totally negates and eviscerates the broad discretion granted to the district court by that section.
It remains only to apply the conclusions set forth above regarding § 44-12-205(3), MCA, to the facts and judgment in the instant case. *188 Here, Peter Soule was served with the petition for forfeiture and summons, as an owner or claimant of the van, under § 44-12-201, MCA. A verified answer was filed by the registered owner of the van, Brian Soule, as required by § 44-12-202, MCA, but no answer was filed individually by Peter Soule. At the outset of the forfeiture hearing and upon a motion by the State, the District Court entered a default against Peter Soule due to his failure to file an answer as required by § 44-12-202, MCA. The entry of the default was neither based on, nor related to, the question of whether Peter Soule was an innocent person under § 44-12-205(3), MCA. No default judgment was entered.
A “default entry is simply an interlocutory order that in itself determines no rights or remedies ....” Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 30, 768 P.2d 337, 339. Thus, the District Court’s entry of Peter Soule’s default did not finally determine his rights or status in the proceeding. Nor did the entry of the default, in and of itself, foreclose the District Court’s ability to “take any action to protect the rights of innocent persons” under § 44-12-205(3), MCA.
The real question in this case is whether, subsequent to the entry of the default, Peter Soule’s status in relation to the van was before the District Court, thus enabling the court to act under § 44-12-205, MCA. Under the particular facts of this case, it was.
While the record is clear that Peter Soule did not appear at the forfeiture proceeding, his status and interest were before the court via Brian Soule’s verified answer. Furthermore, the State itself established Peter Soule’s status and interest in the van through the testimony of Lieutenant Christie. That testimony also established that, while Peter Soule knew of Brian’s drug problems, he had paid to enroll Brian and Elizabeth in a treatment program for those problems and then, on their release from that program, sent them to Brian’s grandmother in Montana where they would be away from drugs. The court concluded that the record did not support any inference of knowledge or involvement by Peter Soule in the drug possession by Brian from which the forfeiture proceeding arose. On the basis of the State’s evidence, the court concluded that Peter Soule was an “innocent person” under § 44-12-205(3), MCA, and entered judgment accordingly, releasing the van to Peter Soule. The District Court concluded that to do otherwise would be grossly unfair and inequitable under the circumstances of this case.
*189 It is a rule of statutory construction that the legislature does not pass meaningless legislation. The majority’s interpretation, or lack thereof, of § 44-12-205(3), MCA, produces precisely that result. It renders meaningless an act of the legislature, namely, the insertion into the Act patterned on the federal model of a subsection peculiar to Montana and clearly intended to balance the harshness of the forfeiture laws by protecting the rights of innocent persons without regard to other statutory provisions regarding such forfeitures. As discussed above, the majority’s interpretation of § 44-12-205(3), MCA, gives it no effect whatsoever.
Under the particular facts of the instant case, Peter Soule’s legitimate interest in the van was properly before the court. It was established at the hearing by the State’s own witness, and was not disputed. The record before us reflects a father’s repeated efforts to help get his son’s life in order; it certainly does not reflect any acquiescence in, or consent to, his son’s drug-related criminal offenses. Peter Soule’s co-signing of Brian’s loan with GMAC and paying off that loan of approximately $10,000 were further efforts by a concerned father who had no connection whatsoever with the criminal offense by Brian which formed the foundation for the forfeiture proceeding.
The circumstances of this case, the record before us, and the cited legislative history support the District Court’s conclusion that Peter Soule was an innocent person and its action in protecting the rights of such an innocent person pursuant to its broad discretion under § 44-12-205(3), MCA. I would hold that the District Court did not abuse its discretion and affirm its dismissal of the forfeiture petition.