Chief Justice Mike McGrath delivered the Opinion and Order of the Court.
**225 ¶ 1 Petitioner seeks a writ of supervisory control concerning the Third Judicial District Court's order granting the State's motion in limine that compels Shannon Sweeney (Sweeney), an attorney, to testify against her client, Dakota James McClanahan (McClanahan), on a bail jumping charge.
¶ 2 We restate the issue as follows:
Whether the District Court erred when it denied the motion to quash a subpoena compelling an attorney to testify regard ing communications she may have had with her client.
*189 PROCEDURAL AND FACTUAL BACKGROUND
¶ 3 In May 2016, Sweeney was appointed to represent McClanahan, who was charged with possession of dangerous drugs with intent to distribute. McClanahan pled not guilty and was ultimately released after he signed the District Court's Release Order and Conditions of Release. McClanahan did not show up to the final pretrial conference on November 16, 2016, and was subsequently charged with bail jumping.
¶ 4 Ed Sheehy was appointed to represent McClanahan on the bail jumping charge, and he moved to dismiss. Sheehy argued McClanahan did not have notice of the November 16, 2016 hearing. Knowledge of the final pretrial conference is a necessary element of the bail jumping charge. The District Court denied McClanahan's motion to dismiss, concluding that the State should be allowed to introduce evidence at trial as to what, if anything, Sweeney told McClanahan about appearing at the final pretrial conference on November 16, 2016.
**226 Shortly thereafter, Sweeney sent a letter notifying the State that she would assert attorney-client privilege for any line of questioning about communications with McClanahan and the preparation of his defense.
¶ 5 The State filed a motion in limine and the District Court determined that Sweeney would have to testify as to whether she told McClanahan about the final pretrial conference. The State issued a subpoena directing Sweeney to appear and testify at trial. Sweeney made a motion to quash the subpoena, which was denied by the District Court. Sweeney filed a Petition for a Writ of Supervisory Control with this Court, alleging that she should not be required to testify against McClanahan based on the attorney-client privilege. We granted the writ on November 20, 2017, and heard oral argument on the merits of the issues raised on January 31, 2018.
STANDARD OF REVIEW
¶ 6 This Court has supervisory control over all other courts and may, on a case-by-case basis, supervise a district court by way of a writ of supervisory control. Mont. Const. art. VII, § 2 (2); M. R. App. P. 14(3). Supervisory control is appropriate when the normal appeal process is inadequate, when the case involves purely legal questions, and when one or more of the following circumstances exist: (1) the other court is proceeding under a mistake of law and is causing a gross injustice; (2) constitutional issues of state-wide importance are involved; or (3) the other court has granted or denied a motion for substitution of a judge in a criminal case. State v. Spady , 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 ; M. R. App. P. 14(3). We review questions of statutory interpretation de novo. Sartain v. State , 2017 MT 216, ¶ 9, 388 Mont. 421, 401 P.3d 701.
DISCUSSION
¶ 7 Whether the District Court erred when it denied the motion to quash a subpoena compelling an attorney to testify regarding communications she may have had with her client.
¶ 8 This case satisfies the criteria for supervisory control. The normal appeal process would be inadequate here, as the issue before us is whether an attorney may be required by the District Court to testify against her client on a different charge. This case also involves a purely legal question. We hold the District Court is proceeding under a mistake of law and may cause a gross injustice by compelling Sweeney to testify against McClanahan.
¶ 9 The Sixth Amendment of the United States Constitution and Article II of the Montana Constitution grant a criminal defendant the **227 right to counsel. U.S. Const. amend. VI ; Mont. Const. art. II, § 24. Effective counsel relies heavily upon open communication with clients. To facilitate trust, certain communications between an attorney and her client are protected. By compelling Sweeney to testify against McClanahan on his bail jumping charge, the District Court potentially impeded on McClanahan's right to counsel. *190 ¶ 10 This case presents an issue of first impression in Montana. Other courts, including the Ninth Circuit Court of Appeals, have addressed whether an attorney informing a client of a court date is considered confidential communication within the scope of the attorney-client privilege. In United States v. Freeman , 519 F.2d 67, 68 (9th Cir. 1975), the Ninth Circuit held that the district court did not err when it required counsel to testify against his client because the evidence sought was not confidential in nature and therefore not protected by attorney-client privilege. The Ninth Circuit based its decision on a Second Circuit Court of Appeals case, United States v. Hall , 346 F.2d 875, 882 (2d Cir. 1965), which relies upon an evidence treatise and a United States District Court for the District of Massachusetts case for the proposition that communication of a trial date is not protected by the attorney-client relationship.[1] Hall and Freeman focused on the kind of information sought from the attorney and whether it was confidential. See also In re Grand Jury Proc., Des Moines, Iowa , 568 F.2d 555, 557 (8th Cir. 1977) ; United States v. Bourassa , 411 F.2d 69, 74 (10th Cir. 1969) ; United States v. Woodruff , 383 F.Supp. 696, 698 (E.D. Pa. 1974) ; Downie v. Superior Court , 888 P.2d 1306, 1308 (Alaska Ct. App. 1995) ; In re Adoption of A.S.S. , 21 Kan.App.2d 714, 907 P.2d 913 (1995) ; Austin v. Texas , 934 S.W.2d 672, 674-75 (Tex. Crim. App. 1996) ; Oregon v. Ogle , 297 Or. 84, 682 P.2d 267, 269 (1984).
¶ 11 This Court has held that the party asserting privilege has the burden to prove eight essential elements for the attorney-client privilege to apply. State ex rel. U.S. Fidelity & Guar. Co. v. Mont. Second Judicial Dist. Court , 240 Mont. 5, 11, 783 P.2d 911, 914-15 (1989). However, it is not necessary to address these elements here, as we resolve this issue by interpretation of statutory law.
¶ 12 Montana, by statute, provides that an "attorney cannot, without the consent of the client, be examined as to any communication made by the client to the attorney or the advice given to the client in the **228 course of professional employment." Section 26-1-803(1), MCA. We construe statutes according to the plain meaning of the language used. Comm'r of Political Practices for Mont. v. Wittich , 2017 MT 210, ¶ 19, 388 Mont. 347, 400 P.3d 735 (citing Fellows v. Saylor , 2016 MT 45, ¶ 21, 382 Mont. 298, 367 P.3d 732 ); State v. Alpine Aviation, Inc. , 2016 MT 283, ¶ 12, 385 Mont. 282, 384 P.3d 1035 ; MM&I, LLC v. Bd. of Cnty. Comm'rs of Gallatin Cnty. , 2010 MT 274, ¶ 44, 358 Mont. 420, 246 P.3d 1029 ; State v. Trull , 2006 MT 119, ¶ 32, 332 Mont. 233, 136 P.3d 551 ; Dunphy v. Anaconda Co. , 151 Mont. 76, 80, 438 P.2d 660, 662 (1968) ). A statute must be read as a whole, and its terms should not be isolated from the context in which they were used by the Legislature. Fellows , ¶ 21 (citing State v. Price , 2002 MT 229, ¶ 47, 311 Mont. 439, 57 P.3d 42 ). This Court gives a term its plain and ordinary meaning if it was not defined by the Legislature. Alpine Aviation Inc. , ¶ 11 (citing Giacomelli v. Scottsdale Ins. Co. , 2009 MT 418, ¶ 18, 354 Mont. 15, 221 P.3d 666 ; accord Bates v. Neva , 2014 MT 336, ¶ 15, 377 Mont. 350, 339 P.3d 1265 ).
¶ 13 The plain language of § 26-1-803(1), MCA, is clear and unambiguous. An attorney cannot be examined as to any advice given to the client. Courts have struggled with defining legal "advice" in this context, particularly where it is not possible to ascertain whether the substance of a communication from attorney to client constituted legal "advice given to the client" for purposes of the attorney-client privilege. Nonetheless, in the context of representing a client in a criminal case, advising a client of a hearing date, the disregard of which could result in additional criminal liability, is inseparably intertwined with the concept of legal advice. Here, the Montana statute provides another avenue for interpretation.
¶ 14 Significantly, the statute precludes an attorney from being examined. The District Court is compelling Sweeney to take the stand and be examined against her wishes regarding communications with her own client to prove that he committed a new *191 offense. An examination is the "questioning of a witness under oath." Black's Law Dictionary 680 (Bryan A. Garner ed., 10th ed. 2014). That is precisely what the State proposed to do by issuing the subpoena to Sweeney. Here, the attorney's compelled testimony would violate her duty of undivided loyalty to her current client, McClanahan. Independent of the attorney-client privilege, an attorney has a legal duty of undivided loyalty to a client, a duty which we have held to be inviolate and fundamental to the attorney-client relationship and the proper functioning of our adversarial system of justice. **229 Krutzfeldt Ranch, LLC v. Pinnacle Bank , 2012 MT 15, ¶ 31, 363 Mont. 366, 272 P.3d 635. Regardless of whether the subject statements from counsel to client in this case constituted "advice given" for purposes of § 26-1-803(1), MCA, compelling counsel to testify under these circumstances would violate her duty of undivided loyalty to McClanahan.
¶ 15 Given that advising a client of a hearing date in a criminal case is inseparably intertwined with the concept of legal advice and that compelled inquiry of counsel to distinguish between advice and non-advice would vitiate counsel's duty of undivided loyalty to the client, we hold that the District Court erred when it denied the motion to quash the subpoena compelling Sweeney to submit to examination on whether she advised her client of the fate of his final pretrial conference. Furthermore, § 26-1-803(1), MCA, prohibits the District Court from compelling Sweeney to testify about communications made with McClanahan without his consent when her testimony would prove the elements of a new charge against McClanahan. We expressly limit this holding to the unique facts and circumstances of this case.
¶ 16 THEREFORE, IT IS ORDERED:
¶ 17 The District Court's order is REVERSED and the subpoena compelling Sweeney to testify on the State's behalf is quashed. This matter is remanded to the District Court for further proceedings consistent with this Opinion.
We Concur:
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
JAMES JEREMIAH SHEA, J.

We concur with Freeman that an attorney voluntarily advising the Court about discussions of public matters, such as the date of a hearing, are not precluded by the privilege.