FILED

11/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0207

DA 20-0207

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 297N

KIRK EAKIN and CATHY EAKIN,

     Plaintiffs and Appellants,

    v.

STATE OF MONTANA and LEO GALLAGHER,

     Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 2018-954
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

    For Appellees:

        Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

        Fallon Stanton, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  October 21, 2020

Decided:  November 24, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2    Kirk and Cathy Eakin appeal the March 16, 2020, order of the First Judicial District Court, Lewis and Clark County, denying their petition for the return of seized electronic devices and stored data. We reverse and remand for further proceedings.

¶3    Eakins are the biological parents of H.E. In November of 2013, H.E., then age 16, reported that she had been sexually abused by Kirk. Lewis and Clark County Sheriff's Office detectives Cory Olson and Dave Peterson investigated and interviewed Cathy, H.E., and H.E.'s younger sister A.E., on December 16, 2013. The detectives did not have a search warrant, but asked and received Cathy's consent to seize two electronic devices from H.E., a laptop computer and cellphone. An evidence receipt was not provided at that time, but two days later, Cathy requested and received a receipt from one of the detectives.

¶4    A.E. and H.E. were taken into the custody by Child and Family Services Division, Department of Public Health and Human Services. Child and Family Services filed a dependent-neglect case, Lewis and Clark County Cause No. CDN 2013-80, concerning H.E. During the ensuing investigation, H.E. provided statements regarding Kirk and a former neighbor of Eakins, which included a time H.E. spent in Tennessee.

2

¶5 Kirk denies any wrongdoing. In the seven years following the initial intervention, the State has not filed charges against Kirk or against the former neighbor, nor, as the District Court found, "has the State declared it has no intention to file such charges." H.E. remained in foster care until she reached the age of 18, never returning to Eakins' custody. Eakins have sought return of the electronic devices and stored data because they believe the data on the devices will clear Kirk of wrongdoing, and will aid the prosecution of the former neighbor in the State of Tennessee, where they believe sexual abuse of H.E. was committed by the neighbor. Apparently, Tennessee authorities have not attempted to obtain the evidence.

¶6 In December 2014, Kirk filed a motion within the dependent-neglect proceeding for return of the electronic devices and stored data. However, that proceeding, Cause No. CDN 2013-80, was dismissed in May 2015 after H.E. turned 18. Eakins renewed their request for the return of the electronic devices and stored data with the dependent-neglect court in April 2017, but the court denied the motion, reasoning the case had been dismissed and it lacked jurisdiction over the release of Confidential Criminal Justice Information (CCJI).

¶7 In September 2018, Eakins filed a petition for return of the devices and data pursuant to the Uniform Declaratory Judgment Act, § 27-8-101, *et al.*, MCA, and § 46-5-312, MCA, naming the State of Montana and Lewis and Clark County Attorney Leo Gallagher as defendants. The State and County Attorney Gallagher filed motions to dismiss, which the District Court denied. Neither Defendant filed an answer to Eakins' complaint, but the

3

court conducted an evidentiary hearing on January 30, 2020. The State took the position that it was willing to return the laptop and cellphone to Eakins after the electronic data contained on the devices was removed. The District Court denied the petition, noting the statute of limitations on potential charges against Kirk would not expire until May 2025, and stating:

> [T]he Court concludes that Eakins have established a right to possession of the laptop and cellphone but have not established a right to possession of the data stored on these devices by H.E. The Court further concludes that the data stored on the laptop and cellphone may be required if proceedings are initiated prior to May 2025, based on H.E.'s allegations against Kirk [Eakin].

The District Court thus essentially adopted the position of the Defendants. Eakins appeal.

¶8 We will not disturb a district court's determination that declaratory relief is not necessary or proper absent an abuse of discretion. *Donaldson v. State*, 2012 MT 288, ¶ 7, 367 Mont. 228, 292 P.3d 364 (citations omitted). An abuse of discretion occurs if a district court exercises discretion based on a clearly erroneous finding of fact or an erroneous application or conclusion of law, or acts in an otherwise arbitrary manner, failing to employ conscientious judgment or exceeding the bounds of reason. *Bessette v. Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894 (citing *In re D.E.*, 2018 MT 196, ¶ 21, 392 Mont. 297, 423 P.3d 586). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence, or, upon our review of the record, we have a definite and firm conviction that the lower court was mistaken. *Bessette*, ¶ 13 (citing *In re D.E.*, ¶ 21). The interpretation and application of a statute is a matter of law subject to de novo review. *Tipton v. Mont. Thirteenth Judicial*

4

*Dist. Court*, 2018 MT 164, ¶ 9, 392 Mont. 59, 421 P.3d 780 (citing *Sartain v. State*, 2017 MT 216, ¶ 9, 388 Mont. 421, 401 P.3d 701).

¶9     The subject property has an interest that is twofold—the interest in the tangible "electronic device" and the interest in the "stored data" found on it.  *See* Section 46-5-111(3), (7), MCA.  It is undisputed that Eakins are the owners of the devices and are entitled to have the devices returned.  However, Eakins further argue they purchased the devices and provided them for H.E.'s nonexclusive use, and that, in any event, regardless of who created the data, they are entitled to return of their devices in an unaltered state.

¶10     Under the statute, a person claiming the right to possession of property seized as evidence "may apply to the judge for its return."  Section 46-5-312(1), MCA.  "[O]ur analysis necessarily begins with the presumption that [Eakins] ha[ve] the right to the return of [their] property."  *State v. Fadness*, 2012 MT 12, ¶¶ 23, 37, 363 Mont. 322, 268 P.3d 17.  The State offers two rebuttals to this presumption:  the privacy interests of H.E. in the stored data as CCJI, and the need to preserve the evidence for possible future charges against Kirk.  Because we ultimately conclude the District Court's findings of fact and conclusions of law are inadequate to properly resolve the issues raised in the proceeding, we remand for further proceedings.  However, we first provide the following analysis to

assist in resolution, beginning with the evidence return process under § 46-5-311, -312, MCA.[1]

¶11 Under § 46-5-312, MCA, if a right to possession in property is established, the court is to order its return if: 1) the property is not needed as evidence; 2) the property is needed and satisfactory arrangements can be made for its return for subsequent use as evidence; or 3) all proceedings in which the property might be required have been completed. *See also Fadness*, ¶ 21. Tying its reasoning to the criminal statutes of limitation, the District Court concluded that "not all proceedings in which the stored data on the laptop and cellphone may be required have been completed," and "further conclude[d] that the data stored on the laptop and cellphone may be required if proceedings are initiated prior to May 2025, based on H.E.'s allegations against Kirk [Eakin]." We have both procedural and substantive concerns about the District Court's conclusions under the statute.

¶12 First, procedurally, the State offered no evidence from law enforcement that an investigation was ongoing, or a possible charge was pending, for which the stored data was necessary. Such a showing, credited by findings of fact, would have permitted the weighing by the District Court of the State's demonstrated interest against the presumption

---

[1] Eakins also argue the Defendants violated the Rules of Civil Procedure by failing to file an answer to their petition, and thus the District Court should have deemed Defendants' defenses and arguments to have been waived. However, § 46-5-312, MCA, provides for a summary procedure in which a district court is to conduct a hearing upon a request for return of the property. *See Fadness*, ¶ 21 (after application, "[t]he judge must give written notice to the prosecutor and all persons who have or may have an interest in the property and must hold a hearing to determine the right to possession"). While an answer may have helped to properly frame the issues, we are not persuaded that failure to file an answer in this proceeding constituted reversible error.

of entitlement of return of the property. The only statement that could be construed as such a showing was the State's assertion that the prosecutor assigned to the case had "not declined prosecution." Because the State introduced no evidence, no findings of fact relative to its interest were entered by the District Court. And, of note here is the possible application of subsection 2 of the statute; the possibility the devices could be returned to Eakins with the stored data, while the State retained a copy of the data for prosecution purposes, was not addressed by the District Court.

¶13 Secondly, we have substantive concerns about the District Court's apparent equating of the statute of limitation period with the "time sufficient to complete the investigation" under § 46-5-311(1), MCA. Under this provision, "evidence . . . that is lawfully seized without a warrant may be retained in the custody of the officer making the seizure for a time sufficient to complete the investigation." Section 46-5-311(1), MCA. In other words, property—such as that at issue here—must be returned once sufficient time has passed to complete the related investigation. *See* § 46-5-311, MCA, cmt. ("The first paragraph of this section is intended to act as a safeguard for the person from whom the property is taken"). It appears the District Court's determination of "sufficient time" simply defaulted to the statute of limitation period for potential charges, an interpretation for which we find no support in the text or precedent. While considerations discussed herein may make it unnecessary to reach this particular issue on remand, it is enough to say that the State must meet its aforementioned burden to demonstrate an actual, ongoing need to retain the property, and cannot simply stand behind the statutory time period in

7

which a charge could be brought. It is notable here that the State has already possessed the property for seven years, a fact that must be considered in the determination of the "time sufficient to complete the investigation." Section 46-5-311(1), MCA.

¶14 Should the District Court determine that §§ 46-5-311, -312, MCA, favors releasing the property to Eakins, it would then need to consider the privacy concerns raised by the State.[2] Unlike cases involving solely physical evidence, such as a firearm, *see Fadness*, ¶ 9, or cases where evidence has lost initial confidentiality concerns, the asserted status of the stored data as CCJI and potential privacy concerns implicates § 44-5-303(1), MCA, which provides that CCJI may be released to "those authorized to receive it by a district court upon a written finding that the demands of individual privacy do not clearly exceed the merits of public disclosure." Section 44-5-303(1), MCA. When previously faced with the balancing of these interests, we have commonly applied the two-prong *Katz* test, *see Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507 (1967). *See Malcomson v. Liberty Nw.*, 2014 MT 242, ¶ 20, 376 Mont. 306, 339 P.3d 1235 (citing *Gryczan v. State*, 283 Mont. 433, 942 P.2d 112 (1997), and *State v. Nelson*, 283 Mont. 231, 941 P.2d 441 (1997), as examples of the test being applied to right of privacy cases). It "is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second,

---

[2] The District Court did not resolve this CCJI privacy issue because, regardless, it determined to deny return of the stored data under the requirements of § 46-5-312, MCA, reasoning that, even if it "were to conclude that Eakins did establish a right to possession of the stored data on these devices [as against a privacy claim], the Court would still conclude that the data would not be returnable to the Eakins."

that the expectation be one that society is prepared to recognize as 'reasonable.'" *Katz*, 389 U.S. at 361, 88 S. Ct. at 516 (Harlan, J., concurring).

¶15   However, as with the showing required by the State under §§ 46-5-311, -312, MCA, discussed above, no evidence was provided about H.E.'s expectations that the stored data would remain private, or about her desires with regard to the data. The State asserts that it "believes that [the stored data] is personal" to H.E. and that H.E. "has repeatedly asserted her right to privacy," but no evidence was introduced to support these positions. Although the District Court stated that "H.E. created these data," and concluded that Eakins "have not established a right to possession of this stored data," it did so without a record sufficient to establish the factors of the *Katz* test and balance them, including whether there was a subjective expectation of privacy, and one that is objectively reasonable, such that society is prepared to recognize it. While children enjoy the same fundamental right to privacy that is guaranteed to adults, *State v. Ellis*, 2009 MT 192, ¶ 35, 351 Mont. 95, 210 P.3d 144, the "mutual use of property by virtue of joint access" may reduce the privacy interests of the parties sharing a device. *United States v. Rith*, 164 F.3d 1323, 1329-30 (10th Cir. 1999) (considering consent to search); *United States v. Matlock*, 415 U.S. 164, 171 n.7, 94 S. Ct. 988, 993 n.7 (1974) (consenting to search limited to those entitled to "mutual use of the property" such that it is reasonable for the co-user to "permit the inspection in his own right"). If the laptop is a family computer, as Eakins allege, there may be a reduced privacy interest in any data recovered from it. Comparatively, a greater privacy interest may be

found in a cellphone used individually, and not shared. However, the related issues of fact were not addressed in the record, and not balanced against the merits of disclosure.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, necessary issues for resolution of the case have not been addressed. The District Court's ruling was based upon an insufficient showing by the State and lacked necessary findings of fact and conclusions of law.

¶17    Reversed and remanded for further proceedings consistent herewith.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON